## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NDANGO NELSON GWAPADINGA | : | |
| 11737 Ellington Drive | : | |
| Beltsville, MD 20706 | : | |
| | : | |
| and | : | |
| | : | |
| LOUIS NDIFOR | : | |
| 13104 Lockwoods Progress Drive | : | |
| Bowie, MD 20720 | : | CIVIL ACTION |
| | : | |
| on behalf of themselves and all others | : | NO. _____ |
| similarly situated, | : | |
| | : | |
| Plaintiffs, | : | CLASS AND COLLECTIVE ACTION |
| | : | COMPLAINT |
| v. | : | |
| | : | |
| FESCUM INC | : | |
| 6304 Willow Way | : | |
| Clinton, MD 20735 | : | |
| | : | |
| SERVE: Resident Agent | : | |
| Folorunso Ijiti | : | |
| 6304 Willow Way | : | |
| Clinton, MD 20735 | : | |
| | : | |
| Defendant. | : | |
| | : | |
| Folorunso Ijiti | : | |
| 6304 Willow Way | : | |
| Clinton, MD 20735 | : | |
| | | |
| Defendant | | |

## COMPLAINT FOR UNPAID WAGES AND JURY DEMAND

Plaintiffs Ndango Nelson Gwapadinga and Louis Ndifor (together "Plaintiffs), on behalf

of themselves and similarly situated employees, bring this class and collective action lawsuit

against Defendant Fescum, Inc. ("Fescum"), and Defendant Folorunso ("Paul") Ijiti, seeking all

available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the District of Columbia Minimum Wage Revision Act ("DCMWRA"), D.C. Code §§ 32-1001, *et seq.*; the District of Columbia Wage Payment and Wage Collection Law ("DCWPCL"), D.C. Code §§ 32-1301, *et seq.*; and the District Of Columbia Municipal Regulations ("DCMR"), 7 DCMR § 7-900 *et. seq.* Plaintiffs desire to pursue their DCMWRA, DCWPCL, and DCMR claims as representatives of a class of similarly situated employees and former employees who experienced similar violations of the DCMWRA, DCWPCL and DCMR. Plaintiffs also desire to pursue their FLSA claims on behalf of any individual who opts-in to this action pursuant to 29 U.S.C. § 216(b).[1]

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the DCMWRA,  DCWPCL and DCMR claims is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Ndango Nelson Gwapadinga is an adult resident of Beltsville, Maryland. He was employed by Defendants from approximately December 2020 to approximately July 2021, during which time he performed work for Defendants primarily in the District of Columbia ("D.C."), and was an employee of one or more Defendants within the meaning of the FLSA, DCMWRA, DCWPCL, and DCMR.

---

[1] Plaintiffs do ***not*** pursue his DCMWRA or DCWPCL claims as an opt-out class action..  However, individuals who affirmatively opt-in to this lawsuit pursuant to 29 U.S.C. § 216(b) are permitted to pursue the DCMWRA and DCWPCL claims alleged by Plaintiffs.  *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 580 (6th Cir. 2008).

5. Plaintiff Louis Ndifor is an adult resident of Bowie, Maryland. He was employed by Defendants from approximately October 2020 to approximately July 2021, during which time he performed work for Defendants primarily in the District of Columbia, and was an employee of one or more Defendants within the meaning of the FLSA, DCMWRA, DCWPCL, and DCMR.

6. Pursuant to 29 U.S.C. §216(b), the above-named Plaintiffs have consented in writing to being plaintiffs in this action. Their consent forms are attached as Exhibit A to this Complaint.

7. Defendant Fescum is a corporate entity formed in Washington D.C. with locations in the District of Columbia and Clinton, Maryland. Defendant Fescum is a health care provider specializing in services for individuals with disabilities. Defendant Fescum is an enterprise engaged in interstate commerce within the meaning of the FLSA and is the employer of one or more Plaintiffs within the meaning of the FLSA, DCMWRA, DCWPCL, and DCMR.

8. Defendant Folorunso ("Paul") Ijiti, is the owner and operator of Fescum, Inc., and is an individual who does business in the District of Columbia, and is an employer of one or more Plaintiffs within the meaning of the FLSA, DCMWRA, DCWPCL and DCMR. Mr. Ijiti hired and fired employees, supervised and controlled employees' work schedules, determined rates and methods of payment to employees, and maintained employment records, and Mr. Ijiti either directly or indirectly had these powers over Plaintiffs and the putative class and collective members. Mr. Ijiti, in his capacities as listed herein, benefited from Plaintiffs' and the putative class and collective members' hours worked in this matter, but failed to compensate them properly.

## **FACTS**

9.  Plaintiffs and others similarly situated to them are/were employed by Defendants as Direct Support Professionals in Washington, D.C. and were paid for work performed in Washington, D.C. Direct Support Professionals are primarily charged with general caretaking responsibilities such as cleaning and preparing food at the client's residence, serving clients food, as well as transporting and accompanying clients on daily outings.

10. Defendants paid Plaintiffs and the others similarly situated an hourly rate below the minimum wage rate in D.C.

11. Plaintiffs and the other similarly situated workers typically work over 40 hours a week for Defendants, but Defendants only paid Plaintiffs and others similarly situated their straight-time hourly rate for all hours worked, and accordingly Plaintiffs were deprived of their overtime premium pay for these hours worked.

12. Plaintiffs and the others similarly situated typically drove their personal vehicles for Defendants, but did not receive any mileage reimbursement for their use of their vehicle. If Plaintiffs were unable to use a personal vehicle, Defendants asked Plaintiffs to pay out of pocket for a cab/ride sharing service.

13. The set pay rates below D.C. minimum wage rates, failure to pay employees properly for overtime hours worked, and not reimbursing employees for mileage costs for using their vehicles was standard operating procedure for Defendants, and Plaintiffs and the putative class and collective members are/were subjected to these policies.

14. In failing to properly compensate Plaintiffs and other employees, Defendant acted willfully and with reckless disregard of clearly applicable provisions of federal and

District of Columbia law.

**Plaintiff Gwapadinga**

15. From on or about December 2020 to July 2021, Mr. Gwapadinga was employed by

Defendants at a compensation rate of $14.20 per hour, as shown on his paystub:



| EMPLOYER | | | | PAY PERIOD | | |
|---|---|---|---|---|---|---|
| FESCUM INC | | | | Period Beginning | | 2020-11-20 |
| 4300 FORBES BOULEVARD MD 20706 | | | | Period Ending: | | 2020-12-03 |
| | | | | Pay Date: | | 2020-12-11 |
| | | | | Total Hours: | | 109.00 |
| **EMPLOYEE** | | | | **OTHER PAY** | Current | YTD |
| NDANGO NELSON GWAPADINGA | | | | | | |
| NDANGO NELSON GWAPADINGA ███████ | | | | | | |
| ██████████████ | | | | | | |
| SSN: ***-**-██ | | | | | | |
| MEMO: Direct Deposit | | | | | | |
| **BENEFITS** | | Used | Available | **NET PAY: $1239.08** | | |
| Vacation | | 0.0 | 3.0 | | | |

| PAY | Hours | Rate | Current | YTD | ADJUSTMENTS | Current | YTD |
|---|---|---|---|---|---|---|---|
| Hourly | 109.0 | 14.2 | 1547.8 | 2748.41 | | | |

16. From July 1, 2020, the minimum wage in D.C. was $15.00 per hour. On July 1, 2021, the

minimum wage in D.C. rose to $15.20 per hour.

17. Mr. Gwapadinga typically worked Tuesdays through Thursdays, and on weekends. He

sometimes also covered shifts on Mondays and Fridays. He regularly worked over 40

hours per week. Defendants paid Mr. Gwapadinga $14.20 per hour for all hours per week

work, including hours over 40 hours per week.

18. Defendants required Mr. Gwapadinga to use his personal vehicle to transport clients, and

he did so approximately every day during the week except on Saturdays. Mr.

Gwapadinga drove approximately 50 miles per week for Defendants in his personal vehicle. He personally paid an estimated minimum of $5 to $10 per day for fuel. He did not receive mileage reimbursements or any other compensation related to his personal vehicle.

19. On one occasion, Mr. Gwapadinga was unable to use his personal vehicle to transport a client due to mechanical issues during the workday. Defendant Paul Ijiti, Fescum's CEO, got angry and suspended Mr. Gwapadinga, claiming that  Mr. Gwapadinga should pay for an Uber (ride sharing service). The cost of an Uber to transport the client to and from the day's activities would have exceed Mr. Gwapadinga's compensation for that day.

**Plaintiff Ndifor**

20. From on or about October 2020 to July 2, 2021, Mr. Ndifor was employed by Defendants at a compensation rate of $14.00 per hour, as shown on his pay stub:

| EMPLOYER | PAY PERIOD | |
|---|---|---|
| FESCUM INC | Period Beginning | 2020-12-04 |
| 4300 FORBES BOULEVARD MD 20706 | Period Ending: | 2020-12-17 |
| | Pay Date: | 2020-12-24 |
| | Total Hours: | 109.30 |

EMPLOYEE
LOUIS NDIFOR

| OTHER PAY | Current | YTD |
|---|---|---|

SSN: ***-**-

MEMO: PAYCHECK @109.30HER LESS

| BENEFITS | Used | Available |
|---|---|---|
| Vacation | 0.0 | 1.0 |

NET PAY: $1228.11

| PAY | Hours | Rate | Current | YTD | ADJUSTMENTS | Current | YTD |
|---|---|---|---|---|---|---|---|
| Hourly | 109.3 | 14.0 | 1533.0 | 1860.83 | | | |

21. From July 1, 2020, the minimum wage in D.C. was $15.00 per hour. On July 1, 2021, the minimum wage in D.C. rose to $15.20 per hour.

22. Ms. Ndifor's duties for Defendants included preparing food for clients, feeding clients, housework and cleaning for clients, accompanying clients to outings, to and from the office, and to charity food events and medical appointments. Throughout his employment, Defendants required Mr. Ndifor to use his personal vehicle to drive clients. He was not offered reimbursement for mileage or the opportunity to drive a company car, though there was a corporate van parked at the office that went unused.

23. Mr. Ndifor regularly worked more than 40 hours per week for Defendants. Defendants paid Mr. Ndifor $14.00 for every hour he worked, and did not pay him a time and a half overtime premium compensation for the hours in excess of 40 per workweek.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

24. Plaintiffs and others similarly situated bring their FLSA claim 29 U.S.C. §216(b) as a collective action on behalf of all individuals who worked for Defendants as Direct Support Professionals in the three years and two weeks before the filing of this Complaint and who were paid below their regular rate of pay, as set forth by D.C. law, and/or who were not paid an overtime premium for all hours worked above 40 hours per week.

25. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

26. Plaintiffs desire to pursue their FLSA claims on behalf of any individual who opts-in to this collective action pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS UNDER THE DCWPCL, DCMWRA, AND DCMR**

27. Plaintiffs bring claims individually and as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following proposed class:

    All individuals employed by Defendant Fescum and Defendant Ijiti from March 10, 2019 to the present ("the Proposed Class"), who worked as Direct Support Professionals and were not paid minimum wage; and/or were not paid an overtime premium; and/or were required to drive their personal vehicles without reimbursement from Defendants.

28. The definitions of the Proposed Class as set forth above is subject to amendment during and upon completion of discovery.

29. The Proposed Class is so numerous as to make joinder impractical and judicially inefficient. The exact number of affected individuals can be determined by reviewing Defendants' records. During the relevant period of time the number of prospective Class Members exceeds one hundred (100) individuals. Information on the size of the class is presently in the possession of the Defendants.

30. Many of these affected workers, having similar claims to the named Plaintiffs, are former employees.

31. Plaintiffs' claims involve questions of law and fact common to the Proposed Class because the Plaintiffs and other employees who performed work as Direct Support Professionals were subject to Defendants' company-wide improper pay policies/practices, including failing to pay all overtime wages due, failure to pay minimum wage and failure to reimburse for vehicle mileage. Such improper pay practices violate the DCWPCL, DCMWRA, and DCMR.

32. Common questions of law and fact exist as to all members of the Proposed Class, including the Plaintiffs, and predominate over any questions affecting solely individual members of the Proposed Class.

33. Among the questions of law and fact common to the Proposed Class are:

    a.  Whether Defendants had a policy to pay Plaintiffs below D.C.'s minimum wage;

    b.  Whether Defendants had a policy or practice of failing to pay the overtime premium rate to Plaintiffs and the Proposed Class for overtime hours worked in a workweek;

    c.  Whether Defendants had a policy to fail to reimburse Plaintiffs for mileage for using their personal vehicles to transport clients for Defendants;

    d.  Whether the above-alleged wage policies or practices violate the DCWPCL, DCMWRA, and DCMR.

    e.  Whether Defendants' failure to pay the Plaintiffs and the Proposed Class at the applicable minimum wage, overtime wage rates, and mileage reimbursement was willful;

    f.  Whether any defenses the Defendants' may raise are valid defenses to the wage violations alleged; and

    g.  Whether the Plaintiffs and the Proposed Class have sustained damages, and, if so, the proper measure thereof.

34. The relief sought by the Plaintiffs is common to the entire Proposed Class:

    a.  Payment by the Defendants of actual damages cause by their failure to pay minimum wage pursuant to the DCWPCL, DCMWRA, and DCMR;

    b.  Payment by the Defendants of actual damages cause by their failure to pay overtime wages pursuant to the DCWPCL, DCMWRA, and DCMR;

   c.  Payment by the Defendants of actual damages caused by their failure to pay Plaintiffs for all hours worked pursuant to the DCWPCL, DCMWRA, and DCMR;

   d.  Payment by the Defendants of actual damages cause by their failure to pay Plaintiffs mileage reimbursement pursuant to the DCWPCL, DCMWRA, and DCMR;

   e.  Payment by the Defendants of treble damages;

   f.  Payment by the Defendants of costs and expenses of the action, including attorneys' fees and costs;

   g.  Payment by the Defendants of pre- and post-judgment interest on all amounts owed as allowed by law; and

   h.  Permanent enjoinment of Defendants committing further violations of the DCWPCL, DCMWRA, and DCMR;

   i.  Any other relief the Court deems just and proper.

35. The Plaintiffs' claims are typical of the claims of the members of the Proposed Class because Plaintiffs and the Proposed Class were similarly subjected to company-wide, policies or practices of not being paid minimum wage, the overtime premium for all overtime hours worked in a workweek, for all hours worked, and mileage reimbursement.

36. The Plaintiffs will fairly and adequately protect the interests of the Proposed Class. The Plaintiffs have no relationship with Defendants except for employment relationships. Plaintiffs will vigorously pursue the claims of the Proposed Class.

37. The Plaintiffs have retained counsel competent and experienced in class actions and wage and hour law, and Plaintiffs' counsel has no conflict of interest with other Class members in the maintenance of this class action.

38. Plaintiffs know of no difficulty in managing the litigation that would preclude class maintenance.

39. Because questions of law and fact common to the class predominate over any question affecting only individual members of the class, class certification is appropriate under Fed. R. Civ. P. 23(b)(3).

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")**
**29 U.S.C. §§ 201 – 216 (b)**

40. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

41. Plaintiffs and the collective are employees entitled to the FLSA's protections.

42. Defendants are employers covered by the FLSA.

43. The FLSA entitles employees to overtime premium compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

44. Defendants did not pay Plaintiffs and other similarly situated their overtime premium rates in violation of the FLSA.

45. Defendants' actions were willful as defined by the FLSA and were not performed in good faith.

46. Defendants are liable to Plaintiffs and all other similarly situated employees for their unpaid wages plus an additional equal amount as liquidated damages, treble damages, and

liable for court costs, reasonable attorneys' fees and expenses, interest, and any other relief

deemed appropriate by the Court.

**COUNT II**
**VIOLATION OF DISTRICT OF COLUMBIA MINIMUM WAGE REVISION**
**ACT ("DCMWRA"), D.C. Code §§ 32-1001, *et seq.***

47. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

48. Plaintiffs and the collective are employees entitled to the DCMWRA's protections.

49. Defendants are employers covered by the DCMWRA.

50. The District of Columbia mandates all employers pay a mandatory minimum wage of

    $15.20 per hour starting on July 1, 2021. From July 1, 2020 until July 1, 2021 the

    mandatory minimum wage was $15.00 per hour. From July 1, 2019 till July 1, 2020 the

    mandatory minimum wage was $14.00 per hour. From July 1, 2018 till July 1, 2019, the

    mandatory minimum wage was $13.25 per hour. *See* D.C. Code § 32–1003(5)(A).

51. During the covered time period, Defendants paid Plaintiffs and those similarly situated to

    them less than the applicable minimum wage for all hours worked.

52. Mr. Gwapadinga was paid $14.20 per hour from on or about December 2020 to July

    2020, when the District of Columbia's legal minimum wage was $15.00 per hour up until

    June 30, 2021, and increased to $15.20 per hour beginning July 1, 2021.

53. Mr. Ndifor was paid $14.00 per hour from on or about November 2020 to July 2, 2021,

    when the District of Columbia's legal minimum wage was $15.00 per hour up until June

    30, 2021, and increased to $15.20 per hour beginning July 1, 2021.

54. The DCMWRA entitles employees to overtime premium compensation of not less than

    one and one-half times their regular rate of pay for all hours worked over 40 in a

    workweek. D.C. Code § 32–1003(6)(b)(c). An employee's regular rate of pay includes

the pay rate that the employer is legally required to pay an employee under another governing statute or regulation.

55. The DCMWRA incorporates the regulations promilatted by the District of Columbia Department of Employment Services Office, D.C. Code § 32-1006, which requires employers to pay the cost of travel expenses incurred by the emoloyee in performance of the business of the employer. 7 DCMR § 909.1.

56. Defendants did not pay Plaintiffs and other similarly situated to the minimum wage rates legally mandated by the DCMWRA, and/or their overtime premium rates,and/or reimbursement for travel expenses in violation of the DCMWRA.

57. Defendants are liable to Plaintiffs and all other similarly situated employees for their unpaid, and illegally withheld wages, plus an additional equal amount as liquidated damages, treble damages, and liable for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III:
## VIOLATION OF DISTRICT OF COLUMBIA WAGE PAYMENT AND WAGE COLLECTION LAW ("DCWPCL"), D.C. Code §§ 32-1301, *et seq.*

58. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

59. Plaintiffs and the collective are employees entitled to the DCWPCL's protections.

60. Defendants are employers covered by the DCWPCL.

61. The DCWPCL incorporates the DCMWRA, including the requirements that employers pay employees minimum wage as set forth by the DCMWRA, overtime premium, and travel reimbursement.

62. Defendants did not pay Plaintiffs and other similarly situated to the minimum wage rates legally mandated by the DCWPCL and/or their overtime premium rates,and/or

reimbursement for travel expenses in violation of the DCWPCL.

63. Defendants are liable to Plaintiffs and all other similarly situated employees for their unpaid, and illegally withheld wages, plus an additional equal amount as liquidated damages, treble damages, and liable for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT IV:**
**VIOLATION OF DISTRICT OF COLUMBIA MUNICIPAL REGULATIONS**
**("DCMR"), 7 DCMR § 7-900 *et. seq.***

64. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

65. Plaintiffs and the collective are employees entitled to the DCMR's protections.

66. Defendants are employers covered by the DCMR.

67. Pursuant to the DCMWRA, the District of Columbia Department of Employment Services Office is charged with implementing the Minimum Wage Act, *see* D.C. Code § 32-1006; 7 DCMR § 900, and has promulgated a series of regulations, which include the provision that emeployers "shall pay the cost of travel expenses incurred by the employee in performance of the business of the employer." 7 DCMR § 909.1.

68. Defendants did not reimburse Plaintiffs and other similarly situated employees for the travel expenses they incurred by performing business for Defendants.

69. Defendants are liable to Plaintiffs and all other similarly situated employees for their unpaid, and illegally withheld reimbursement of travel expenses, plus an additional equal amount as liquidated damages, treble damages, and liable for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and other members of the collective, seek the following relief:

A.      An order permitting this action to proceed as a class action under Fed. R. Civ. P. 23(b)(3) for Plaintiffs' claims under the DCWPCL and DCMWRA;

B.      An order permitting this action to proceed as a collective action for Plaintiffs' claims under the FLSA;

C.      Unpaid wages and prejudgment interest to the fullest extent permitted under federal and District of Columbia law;

D.      Treble and/or liquidated damages to the fullest extent permitted under federal and District of Columbia law;

E.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and District of Columbia law;

F.      Interest on damages to the fullest extent permitted under federal and District of Columbia law;

G.      Permanent enjoinment of Defendants committing further violations of the FLSA, the DCWPCL, DCMWRA, and DCMR, and

H.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Date:  March 10, 2022

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

 /s/ BRIAN J. MARKOVITZ

Brian J.  Markovitz, Esq.
DC USDC Bar. No. 481517

   /S/MICHAL SHINNAR

Michal Shinnar, Esq.
DC USDC Bar. No. MD0033

JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane
Suite 400
Greenbelt, MD  20770
Phone:  (301) 220-2200
bmarkovitz@jgllaw.com
MShinnar@jgllaw.com

*Counsel for Plaintiffs*