**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NDANGO NELSON GWAPADINGA, *et al.*,

       *Plaintiffs*,

     v.

FESCUM INC., *et al.*,

       *Defendants.*

No. 22-cv-672 (DLF)

## <u>ORDER</u>

    Plaintiffs Ndango Nelson Gwapadinga and Louis Ndifor, on behalf of themselves and similarly situated employees, bring this suit against their former employer Fescum, Inc. (Fescum) and its owner for failing to pay them minimum hourly wages, overtime premium pay, and travel reimbursement, in violation the D.C. Code and the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*. *See* Am. Compl. ¶¶ 13–17, Dkt. 19. Before the Court is the parties' Joint Motion to Approve Settlement Agreement. Dkt. 46.

**I.    Settlement Terms**

    The proposed agreement defines the settlement class members as individuals who worked for Fecsum between March 10, 2019, and the date of execution of the agreement. Settlement at 3, Dkt. 46-3. The parties agree to the following payment structure:

    a.  <u>Payments to Named Plaintiffs</u>: Defendants shall pay:
- $14,000 to Named Plaintiff Ndango Nelson Gwapadinga.
- $14,000 to Named Plaintiff Louis Ndifor.

    b.  <u>Payments to Opt-In Plaintiffs</u>: Each Opt-In Plaintiff will receive an amount equal to double their alleged unpaid wages, as specified in Exhibit A. This payment represents alleged unpaid wages and alleged liquidated damages under the FLSA.

    c. <u>Payment to Plaintiffs' Counsel</u>: Defendants shall pay $129,975 to Joseph, Greenwald & Laake, P.A. for attorneys' fees and costs.

*Id*. at 3.

The parties also agree that following the Court's preliminary approval of the settlement, plaintiffs' counsel will mail a Notice of Collection Action and Opt-In Form, Dkt. 46-2, to the last known address of every identified class member, *see* Settlement at 4–5.  The date of mailing of the Notice will constitute the beginning of the Notice Period.  *Id.* at 5.  Opt-in plaintiffs will have sixty days from the date of the initial mailing to return a valid opt-in claim form.  Joint Mot. at 3. Payments will be made to all opt-in plaintiffs by the later of six months after the close of the Notice Period or September 30, 2025.  *Id.* at 3–4.

## II.    Legal Standards

The D.C. Circuit has not determined whether judicial approval is required for FLSA settlements, *Sarceno v. Choi*, 78 F. Supp. 3d 446, 449 (D.D.C. 2015), but courts in this district routinely approve such settlements, *see, e.g.*, *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 129 (D.D.C. 2014).  Review is "properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims."  *Carrillo*, 51 F. Supp. 3d at 134.

Courts apply a two-part test when reviewing such settlements.  First, the court must "ensure the agreement resolves a 'bona fide dispute'—that is, it 'reflects a reasonable compromise over issues that are actually in dispute.'"  *Davis v. Kettler Mgmt.*, No. 21-cv-3351 (TJK), 2022 WL 17146742, at *1 (D.D.C. Nov. 22, 2022) (quoting *Carrillo*, 51 F. Supp. 3d at 132).  Second, the court must determine whether agreement is substantively fair, focusing on the "fairness of the process used by the parties to reach settlement and the practical ramifications of the settlement." *Carrillo*, 51 F. Supp. 3d at 132; *see Eley v. Stadium Grp., LLC*, 236 F. Supp. 3d 59, 63 (D.D.C.

2017). "The factors to consider include 'whether the proposed settlement (1) was the product of overreaching by the employer; (2) whether the settlement was the product of negotiation between represented parties following . . . [a]rm's length bargaining[;] and (3) whether there exist serious impediments to the collection of a judgment by the plaintiffs.'" *Dew v. Mindfinders, Inc.*, No. 20-cv-2930 (BAH), 2021 WL 4797551, at *3 (D.D.C. Oct. 14, 2021) (quoting *Carrillo*, 51 F. Supp. 3d at 132) (citation modified)). A court also considers the reasonableness of the attorneys' fee award. *Eley*, 236 F. Supp. 3d at 63.

### III. Analysis

#### A. Bona Fide Dispute

Here, a "bona fide dispute" exists. *See Carillo*, 51 F. Supp. 3d at 131. The plaintiffs assert that they are "entitle[d] to [] additional compensation" in the form of unpaid wages and overtime pay. *See Eley*, 236 F. Supp. 3d at 63–64; Am. Compl. ¶¶ 4–8, 10–17. Before agreeing to the terms of the proposed settlement, the defendants initially disclaimed liability, Dkt. 21, and the parties vigorously litigated the employment claims, *see* Dkts. 12, 20.

#### B. Substantive Fairness

The Court also finds that the terms of the settlement agreement are fair and reasonable. To evaluate the value of the plaintiffs' wage claims, the parties hired a neutral, third-party consultant to prepare a damage estimate "based on the universe of hours worked and pay data for all individuals in the putative collective." Joint Mot. at 6; *see* Settlement. The agreement provides that each opt-in plaintiff will "receive an amount equal to double their alleged unpaid wages," Settlement at 3, as based on the payroll data calculated by the third-party consultant. And the payment to the named plaintiffs amounts to "approximately four times the named Plaintiffs' alleged unpaid wages." Joint Mot. at 3. Those amounts "provide[] total damages closer to [the

claims] asserted by the plaintiffs," dispelling inferences of employer overreach.  *Carrillo*, 51 F. Supp. 3d at 133–34.  Moreover, the agreement was a product of arm's length bargaining between experienced counsel, "following two rounds of mediation, an in-person meeting to continue to discuss the parties' respective positions, and other meetings on potential resolution."  Joint Mot. at 7.  Finally, the settlement will allow plaintiffs to "obtain a recovery without further delay and without incurring additional litigation costs and additional attorney's fees and costs."  *Carrillo*, 51 F. Supp. 3d at 134.

Accordingly, the Court will approve the terms of payment for the opt-in and named plaintiffs.

### C.  Attorneys' Fees

The Court will defer any ruling on the proposed attorneys' fees.  The settlement agreement provides that plaintiffs' counsel will receive $129,975 in fees, *see* Settlement at 3, for roughly 268 hours expended in litigation, *see* Pl.'s Notice at 3, Dkt. 47.  That hourly fee rate appears reasonable and is less than the lodestar *Salazar* rate.  *See Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000).  But at this juncture, the Court is unable to evaluate whether the fees are reasonably proportional to the overall settlement.  While the defendants may be liable for up to $415,868.27 in liquidated damages for opt-in plaintiffs, and an additional $28,000 to the named plaintiffs, Pl.'s Notice at 1–2, the total amount of the final payment will depend on how many individuals opt-in to the settlement.  Thus, the Court will deny without prejudice the terms of the attorneys' fees, pending an update on the total settlement amount.  *See Carrillo*, 51 F. Supp. 3d at 134; *Trout v. Select Grp. Fed., LLC*, No. 21-cv-1684 (RBW), 2023 WL 6583828, at *10 (D.D.C. Oct. 10, 2023) (deferring ruling on attorneys' fees).

The parties may file, if they so choose, a second motion for the approval of attorneys' fees at the close of the Notice Period. At that juncture, the Court will determine whether the proposed fees represent a reasonable proportion of the total settlement. *See Eley*, 236 F. Supp. 3d at 65 (finding attorneys' fees representing approximately 37% of the total recovery were reasonable); *Carrillo*, 51 F. Supp. 3d at 133–34 (noting reluctance in finding that attorneys' fees accounting for more than 50% of the total recovery were reasonable).

Accordingly, it is

**ORDERED** that the parties' Joint Motion to Approve Settlement Agreement, Dkt. 46, is **GRANTED IN PART** and **DENIED IN PART**. The Court **APPROVES** the portions of the Settlement Agreement, Dkt. 46-3, addressing: (1) the service fees and release with respect to the named plaintiffs; and (2) the payment of monetary damages and release with respect to any opt-in plaintiffs. The motion is **DENIED WITHOUT PREJUDICE** with respect to the attorneys' fees. It is further

**ORDERED** that, should the parties choose to file a second motion addressing attorneys' fees, they shall do so on or before December 12, 2025, or within 30 days of the closing of the Notice Period. Should the parties decline to file a renewed motion or any notice to the Court on or before December 12, 2025 the Court will grant the parties' request to dismiss this case with prejudice at that time.

**SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

July 31, 2025